RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/6/05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| United States | Crim. No. 05-60046-01 |
| versus | Judge Tucker L. Melançon |
| Roy A. Jones, Jr. | Magistrate Judge Methvin |

## ORDER

Before the Court is defendant's Motion for Revocation of Magistrate's Order of Detention. [Rec. Doc. 23]. For the following reasons, defendant's Motion will be denied.

*I. Background*

On August 20, 2005, Defendant was charged by indictment with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). Following arraignment and defendant's initial appearance, the government moved for detention on the basis of risk of flight [Rec. Doc. 9] on November 15, 2005. At that same time, the Honorable United States Magistrate Judge Mildred E. Methvin ordered temporary detention pending the detention hearing [Rec. Doc. 13]. A detention hearing was held before Judge Methvin on November 17, 2005. Pursuant to the detention hearing, Judge Methvin found by clear and convincing evidence that:

> "The defendant is not entitled to release under the Bail Reform Act. Defendant is charged possession of a firearm by a convicted felon. There is no presumption against his release. The government moved for detention based upon risk of flight. Evidence presented at the detention hearing did not establish that defendant would flee the jurisdiction, but did

establish that there is a serious risk that defendant will not appear and that his arrest will have to be effected. As Noted in the PTS Report, defendant has three instances of failure to appear, and charges of resisting an officer by flight, flight from an officer, evading arrest, and an aggravated flight from an officer. Defendant testified that he was serving time in prison when two of the bench warrants were issued for failure to appear, and as to the third, he testified that he turned himself in. Defendant admitted fleeing from officers on a least two occasions, but denied the charge of striking an officer. There is no dispute that defendant has had state sentences revoked both while on probation and parole. Considering the factors listed in the Bail Reform Act, the court concludes that there are no conditions which will reasonably assure the defendant will appear and not endanger the safety of any other person or the community while on release." [Rec. Doc. 21]

Accordingly, Judge Methvin ordered the defendant remain in the custody of the United States Marshal's Service pending trial. On November 23, 2005, this Motion was filed.

## II. Standard of Review

A United States District Court reviews a Magistrate Judge's decision regarding pretrial detention or conditions of pretrial release *de novo*, making an independent determination of the proper pretrial detention or conditions of release. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

## III. Law and Analysis

The Bail Reform Act of 1984 establishes the legal framework the Court must apply in establishing pretrial detention and conditional release. 18 U.S.C. §§ 1341, *et seq.* § 1342(b) prescribes that:

> The judicial officer shall order the pretrial release of the person on his personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of his release,

> *unless* the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. (emphasis added).

If release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the defendant or will endanger the safety of another person, the Court is to consider a number of conditions that may be attached to a release order. 18 U.S.C. § 3142(c). If no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, then a detention hearing must be conducted before detention can be imposed. 18 U.S.C. § 3142(e). Detention hearings may only be authorized on the limited grounds enumerated by 18 U.S.C. § 3142(f). "Serious risk that the person will flee" is an appropriate ground for holding a detention hearing. 18 U.S.C. § 3142(f)(2)(A). At the arraignment and initial appearance, the government moved for pretrial detention for reasons of flight risk. As such, the Court finds that valid grounds for holding the defendant's detention hearing were present.

Following a valid detention hearing, the Bail Reform Act mandates the Court to order pretrial detention if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Despite Judge Methvin's finding that the government failed to prove by clear and convincing evidence that defendant posed a threat to flee the jurisdiction, the Court did conclude, based on evidence produced during the hearing, that there was a "serious risk

that defendant will not appear and that his arrest will have to be effected." (*Order of Detention Pending Trial*, Rec. Doc. 21).

Independently reviewing the record, this Court finds that Judge Methvin acted appropriately in ordering pretrial detention. Applying the factors to be considered in making the release/detention determination, the Court notes defendant's criminal history of resistance, disregard for the judicial process, the involvement of a firearm in the underlying charge, as well as defendant's extensive criminal drug history. See 18 U.S.C. §3142(g)(3)(A). In making this determination, the Court recognizes defendant's explanations concerning his criminal record and his ties to the community, including family and employment, but is not persuaded that defendant will appear for proceedings arising from this criminal matter. Thus, the Court agrees with Judge Methvin's conclusion that there were no conditions which could reasonably assure that defendant would appear for future proceedings and not endanger the safety of any other person or the community while on release. Accordingly,

IT IS ORDERED that defendant's Motion for Revocation of Magistrate's Order of Detention [Rec. Doc. 23] is DENIED.

THUS DONE AND SIGNED this 5th day of December, 2005, at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 12/6/05
BY PO
TO TL


RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/06/05

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-60046-01 |
| VERSUS | JUDGE MELANÇON |
| ROY A. JONES, JR. | MAGISTRATE JUDGE METHVIN |

**ORDER**

The Motion of Defendant ROY A. JONES, JR. entitled MOTION FOR REVOCATION OF MAGISTRATE'S ORDER OF DETENTION has been duly considered. The Court is of the opinion that the motion should be and the same is hereby

_____ GRANTED          _____ DENIED

_____ GRANTED, to the following extent:

_____

THUS DONE AND SIGNED, this \_\_\_\_\_ day of _____, 2005.

COPY SENT
DATE 12/6/05
BY
TO TM

_____
UNITED STATES DISTRICT JUDGE